NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2914
_____

LORI DRING; NANCY ASARO,
                              Appellants

v.

ARIEL LAND OWNERS, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-00478)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 21, 2019

Before:  AMBRO, RESTREPO and FISHER, *Circuit Judges*.

(Filed: August 13, 2019)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lori Dring and Nancy Asaro filed suit against Ariel Land Owners, Inc. ("ALO") for breach of a partial settlement agreement. The District Court denied Dring and Asaro's motion for summary judgment and granted ALO's. We will affirm.[1]

The parties agree that the settlement agreement included a condition precedent[2] that required Dring and Asaro to subdivide a parcel of land—the West Shore Strip—into two parcels. They were to then convey the northern parcel to ALO, and in exchange, ALO was to grant Dring and Asaro a permanent easement to construct a dock on the abutting lake, with the size and configuration of the dock subject to ALO's approval.

Dring and Asaro argue that they accomplished the subdivision in 2001—before their purchase of the West Shore Strip was finalized—by filing a plan and application with the Lake Township Planning Commission to combine two unrelated parcels of land into a single parcel (the "2001 Plan").[3] But even assuming that Dring and Asaro had

---

[1] The District Court had diversity jurisdiction. 28 U.S.C. § 1332. We have jurisdiction to review the District Court's order on summary judgment, as it is a final order. 28 U.S.C. § 1291. Our review of the District Court's order is plenary, and "[w]e resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party." *Mikula v. Allegheny Cnty.*, 583 F.3d 181, 185 (3d Cir. 2009).

[2] A condition precedent is "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." *Pac. Emp'rs Ins. Co. v. Glob. Reins. Corp. of Am.*, 693 F.3d 417, 430 n.6 (3d Cir. 2012) (quoting Restatement (Second) of Contracts § 224 (Am. Law Inst. 1981)).

[3] Part of the West Shore Strip is described in the 2001 Plan, but it is not depicted in its entirety, and it is not included as part of the new, large parcel.

standing to subdivide the property prior to taking ownership,[4] the 2001 Plan did not effectuate a subdivision.

First, the 2001 Plan did not provide information that the Lake Township Subdivision and Land Development Ordinance requires to effectuate a subdivision.[5] For instance, it failed to include the contact information of the property owner and subdivider, the names of all abutting property owners, a description of any remaining acreage in the subdivided tract that depicts lot areas in square feet, and tax numbers and deeds. Nor did it depict the West Shore Strip—the land allegedly divided by the 2001 Plan—in its entirety. Because the 2001 Plan was not filed in accordance with the Township's subdivision ordinance, it cannot be said to have satisfied Dring and Asaro's obligation.

Second, and most tellingly, the Township does not recognize the West Shore Strip as having been properly subdivided.[6] In a letter dated August 4, 2016, the Township's Solicitor wrote to Dring and Asaro stating that the West Shore Strip was not properly divided for purposes of conveying a portion of the land to ALO and "formally requesting

---

[4] *Cf. Guido v. Twp. of Sandy*, 880 A.2d 1220, 1227 (Pa. 2005) (holding that allowing property to be divided based on an immature property interest "would lead to the absurd result" that property was divided by someone who may not exercise their option to purchase, "leaving the owner with a division of his property he did not desire at the hands of someone with no interest in [the] division").

[5] 53 Pa. Stat. Ann. and Cons. Stat. Ann. § 10507 ("Where a subdivision and land development ordinance has been enacted by a municipality under the authority of this article, no subdivision or land development of any lot . . . shall be made . . . except in accordance with the provisions of such ordinance.").

[6] *See Guido*, 880 A.2d at 1227 (holding that a property is not a legally recognized subdivision "absent active governmental contemplation and ratification").

3

that [Dring and Asaro] apply for subdivision approval for the division of [the West Shore Strip] into two separate parcels of land."[7]  Because the Township itself does not recognize the land as properly subdivided, we cannot now hold that Dring and Asaro satisfied this contractual obligation.

The District Court found that Dring and Asaro failed to satisfy an additional condition precedent: obtaining ALO's approval of a dock design.[8]  However, the plain language of the settlement agreement reveals that ALO had a duty to grant Dring and Asaro an easement irrespective of whether they submitted any dock designs, much less received approval for them.[9]  Therefore, approval of the dock design was not a condition precedent to ALO's duty to perform its obligations.  Though the it erred on this point, "[w]e may affirm the District Court on any grounds supported by the record,"[10] and it correctly found that subdividing the land was a condition precedent that Dring and Asaro failed to fulfill.  Therefore, the District Court properly granted summary judgment in favor of ALO, and we will affirm.

---

[7] App. at 129–30.  The Township previously expressed that Dring and Asaro did not need approval to divide the property; however, as the 2016 letter notes, Dring and Asaro did not inform the Township that the land was being divided for the purpose of conveying a portion of the land to another, though this information was necessary for the Township to properly determine the required procedure.

[8] Dring and Asaro submitted a dock design to ALO, but ALO rejected it as too large.

[9] App. at 66 (requiring ALO to execute and deliver a permanent easement, and then noting that the purpose of the easement was for Dring and Asaro to build a dock and stating that "the size and configuration of the dock shall be subject to the approval of ALO").

[10] *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).